DORA M. WALKUP v. GEORGE H. BEEBE, Appellant.

**Automobile accident:** NEGLIGENCE: EVIDENCE. The fact that plaintiff in a suit for an automobile accident called to the operator of the machine for assistance may be shown by a witness who was near the place of the accident, as a part of the transaction, and as tending to show that defendant did not attempt to stop his machine when passing, and that he did not consider plaintiff in danger or to have been seriously injured.

**Same:** INSTRUCTIONS. Where the jury is fully instructed regarding a defendant's liability for an injury resulting from an alleged negligent operation of an automobile, and there is no reason to assume that his rights would be misunderstood by them, refusal to instruct regarding defendant's general right to use an automobile on the public highway, and that it was not negligence to do so, was not erroneous, although the requested instructions may have announced correct propositions of law.

**Same:** DUTY TO STOP. Although the statute requires the operator of an automobile to stop when signaled by one driving a restive horse, he is not relieved of the duty of stopping, because of the statute, on meeting one with a frightened horse though no signal is given.

**Same:** DAMAGES. Where there is no claim of exemplary damages and the court limits recovery to compensation for the injury, there is no occasion to instruct that damages should not be allowed as a punishment.

**Negligence:** STATUTORY REQUIREMENTS: SPECIAL FINDINGS: CONSISTENCY WITH VERDICT. A special finding that defendant, an automobilist, was not operating his machine at an unlawful

rate of speed in violation of the statute will not necessarily control the verdict, since such special finding does not negative the statutory requirement to operate the machine at a ·rate of speed reasonable and proper, having regard to the traffic and use of the highways, or to stop the machine when signaled to do so.

*Appeal from . Marshall District Court.*— HON. J. M. PARKER, Judge.

SATURDAY, MAY 9, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

ACTION to recover damages for personal injuries received by reason of the negligence of the defendant in operating an automobile.    On trial to a jury there was a verdict for plaintiff, and from judgment thereon defendant appeals.— *Affirmed.*

*Boardman & Lawrence,* for appellant.

· *J. M. Holt* and *J. L. Carney,* for appellee.

McCLAIN, J.— A brief statement of the facts, as to which there is no substantial controversy in the record, will show the bearing on the case of the rulings of the court which are relied on as grounds for reversal.    Plaintiff, in a buggy driving a single horse, was on the north side of State street in Marshalltown just east of Ninth street and facing west, when appellant approached along State street from the west in a small automobile propelled by a gasoline engine making considerable noise.    There was a ridge of dirt along Ninth street at the State street intersection, due to the recent filling of a trench dug for a sewer, and defendant, coming at a considerable rate of speed, bumped or jolted over this ridge, and, then noticing that plaintiff's horse was restless, veered to the

south side of the street and proceeded without stopping or materially checking the speed of his machine until he became aware, after he had passed the point where plaintiff was, that plaintiff's horse had been frightened, and run the buggy on the guy wire of an electric light pole which stood at the northeast corner of State and Ninth streets and upset the buggy, causing her severe injury, when defendant stopped his machine and ran back to render plaintiff such assistance as he could. The grounds of negligence submitted by the court to the jury were, briefly, the running of defendant's automobile at a greater rate of speed than was reasonable and proper, having regard to the traffic and use of the highway at the place, and failing and neglecting to stop his machine on demand or request of plaintiff when her horse became restive. No complaint is made of the instructions given, and it is not claimed that the verdict of the jury is without support in the evidence. Therefore the verdict is conclusive that defendant was at fault in one or the other of these respects, and that his fault was the proximate cause of the injury received by plaintiff without contributory negligence on her part, save as such conclusion may be negatived by a special finding of the jury to which we shall hereafter refer, and that the judgment was warranted, unless some error was committed, as claimed by appellant, in the rulings of the court in the admission of evidence, or in the refusal of instructions asked, or in refusing to render judgment for defendant on the special finding as inconsistent with the general verdict.

I. Plaintiff testified that she heard Mrs. Curtis, in front of whose house the accident happened, call to defendant three times to help the plaintiff after defendant in his ma-

**1. AUTOMOBILE ACCIDENT: negligence: evidence.** chine had passed the place of the accident. The questions with reference to this matter were objected to by the defendant, but we think the objections were not well taken. The call to defendant, and what he said and did in response to such call, were a part of the transaction. They tended to show that he had not attempted to

stop his machine as he approached the place where plaintiff was, and that he did not consider plaintiff to have been in danger or to have been seriously injured. They did not indicate any willfulness or impropriety on the part of defendant, other than that of not stopping his automobile when he should have done so, if the jury should find that it was his duty, under the circumstances, to have stopped when he saw the plaintiff's horse was restive. We cannot see that there was any impropriety in receiving the testimony of the plaintiff as to the facts in this respect, nor that there was anything in the evidence calculated to prejudice defendant in the eyes of the jury, otherwise than as the jury should think defendant to have been in the wrong in not sooner stopping his machine.

II. The instructions asked for the defendant related for the most part to the general right to use an automobile as a vehicle of travel upon the public highway, and emphasized

2. SAME: instructions.

the thought that it was not negligence on the part of the defendant to do so. These general propositions of law are not to be questioned; but there is nothing in the instructions given by the court inconsistent with such propositions. Counsel for defendant contend that these instructions are taken verbatim from *House v. Cramer,* 134 Iowa, 374, and other cases relating to the use of automobiles, which are therein cited. But there is nothing in those cases to indicate that the general propositions of law stated by the court must necessarily be given to the jury by way of instructions in every case involving the liability of one operating an automobile. The jurors were fully instructed with reference to defendant's liability, and there is no reason to assume, in view of the instructions given, that they would misunderstand the nature of defendant's rights. The very fact that the court specifically instructed as to the circumstances under which the defendant might be found negligent necessarily negatives any possibility of the assumption by the jury that the operation of an automobile in the

highway is in itself an act of negligence or an unlawful act. We do not discover any failure on the part of the court to clearly and explicitly instruct under defendant's theory of the case so far as it was based on any evidence in the record.

The court was asked to instruct the jury that plaintiff could not recover by simply proving that her horse was restive, and that defendant knew of that fact, if it should be found that plaintiff made no signal to defend-ant to stop; but the refusal to give such an instruction was not error, for while under the provisions of Act 30th General Assembly, chapter 53 (Code Supp. 1907, section 1571i), it is made the duty of the operator of a motor vehicle immediately to stop when signaled by a person driving a restive horse, yet, under general rules of law requiring reasonable care on the part of such person, he might be in duty bound, on seeing that another driving in the highway was being put in imminent peril by the frightening of his horse, to stop his machine, although no such signal was given. This rule was recognized in some of the instructions asked, and is unquestionably sound. But, however this may be, the court did not authorize recovery on proof of breach of duty on the part of defendant to stop on observing plaintiff's danger without regard to the giving of the statutory signal, but instructed only in this respect as to the failure of defendant to stop after signal was given, and, as it is not contended that the instruction thus given was without support in the evidence, there is no occasion for complaint as to not giving an instruction with reference to a ground of negligence on the part of the defendant not submitted to the jury.

3. SAME: duty to stop.

Refusal of an instruction that damages should not be given as punishment is complained of; but there is no intimation in the record that plaintiff was seeking to recover more than compensatory damages, and the instruction given by the court on the measure of damages expressly limited plaintiff to the recovery of com-

4. SAME: damages.

pensation. There was no occasion therefore to instruct against the allowance of damages as a punishment.

III.  Three special interrogatories proposed by the defendant were submitted to the jury, and in answer to the first the jury specially found that defendant was not operating

5. NEGLIGENCE: statutory requirements: special findings: consistency with verdict.

his automobile at an unlawful rate of speed at the time of the accident. The court had instructed the jury as to the provisions of Act 30th General Assembly, chapter 53 (Code Supp. 1907, section 1571h), regulating the rate of speed of automobiles, and the finding of the jury is conclusive that at the time of the accident defendant was not operating his machine at a rate of speed prohibited by the statute; but such finding does not negative the violation of another provision of the same section, prohibiting any person from operating a motor vehicle at a rate of speed that is not reasonable and proper having regard to the traffic and use of the highway; nor does it negative the failure of the defendant to stop his machine when signaled by plaintiff. The jury having been properly instructed as conceded for the defendant with reference to these matters, it must be assumed, in reconciling the general and special verdicts, that the jury found the fault of the defendant to have been, not in running at an unlawful rate of speed, but at an unreasonable speed, or in not stopping when signaled. Indeed, there was a special finding, in answer to another of the interrogatories propounded at defendant's request, that defendant failed to bring his automobile to a full stop as soon as plaintiff's peril could be reasonably discovered, and, in accordance with this finding, the general verdict for the plaintiff was proper.

There are other complaints of the action of the court in rulings on evidence, requests for instructions, and in the refusal to give other special interrogatories; but we find nothing in the record justifying a further discussion of the errors relied upon, and the judgment of the trial court is *affirmed.*